Merrimack, }
April 5, 1910. }

### DINNIN *v.* HUTCHINS *&* *Tr.*

The words "directors, trustees, or managers," in section 13, chapter 219, Public Statutes, are used synonymously and mean the board of control of a corporation.

A foreign corporation which has no clerk, treasurer, cashier, or member of its executive board of control within this state may be summoned as trustee by service of the writ upon an agent in charge of its business here.

A writ may be served upon a business corporation by leaving an attested copy thereof at the abode of some one of the persons designated in section 13, chapter 219, Public Statutes.

FOREIGN ATTACHMENT. Writ dated October 12, 1908. The principal defendant was defaulted. The New England Box Company, which was named as trustee, appeared specially and moved that the action be dismissed as against it, on the ground that no legal service had been made upon it; and the questions raised by the motion were transferred from the October term, 1909, of the superior court by *Pike*, J.

The plaintiff and principal defendant reside in Chichester, New Hampshire. Wilson, upon whom process was served as the representative of the Box Company, resides in Concord. The Box Company is a Massachusetts corporation which has its principal place of business in Greenfield in that state and also does business in New Hampshire. Other facts appear in the opinion. Both parties desire a decision of the question whether the service was legal. If upon the facts stated there was no legal service upon

the trustee, the motion to dismiss is to be granted; otherwise it is to be denied.

*Edward A. Lane* (by brief and orally), for the plaintiff.

*Harry J. Brown* (by brief and orally), for the trustee.

BINGHAM, J.    The questions in this case arise on the trustee's motion to dismiss the action for want of proper service upon it. In support of the motion, the trustee contends (1) that Wilson was not its agent, within the meaning of section 13, chapter 219, Public Statutes, upon whom the service of process against the corporation could be made, and (2) that if he was such agent, the process was not properly served upon him, as the attested copy of the writ was left at his last and usual place of abode and not delivered to him in hand.    The trustee is a Massachusetts corporation, with its principal place of business at Greenfield, Mass. At the time of the service of the writ, it was operating a timber lot at Chichester in this state, upon which the principal defendant was working.    Wilson had charge of the lot under the direction of the corporation's general manager, who lives in Massachusetts. The vice-president of the corporation and two superintendents of mills operated by it reside in Cheshire county.

Our statutes provide that " a person doing business in this state and residing outside the state may be summoned upon trustee process by serving the writ upon his clerk or agent having charge of such business " (P. S., c. 245, s. 5), that the word " person " as here used shall apply to " bodies corporate and politic as well as to individuals " (P. S., c. 2, s. 9), and that a " trustee writ shall . . . be served upon the defendant and trustee like a writ of summons." P.S., c. 245, s. 3.    Also, that the service of writs against corporations, other than counties, cities, towns, and school and village districts, " may be made upon the clerk, treasurer, cashier, or one of the directors, trustees, or managers, if any in the state; otherwise upon any principal member or stockholder, or upon any agent, overseer, or other person having the care of any property or charge of any of the businsss of the corporation."    P. S., c. 219, s. 13.    The words " directors, trustees, or managers " are here used synonymously and mean the board of control of the corporation, whether designated as board of directors, board of trustees, or board of managers.    The latter terms are customarily used to describe members of the executive boards of colleges and charitable corporations.    1 Bouv. Dict. 572.

As the New England Box Company, the trustee, had no clerk, treasurer, cashier, or member of its executive board of control

within the state, upon whom service of process could have been made, the writ could have been served upon Wilson, its agent in charge of the business of operating the wood-lot in Chichester, and was properly served upon him by leaving an attested copy thereof at his place of abode in Concord. P. S., c. 219, s. 2. Prior to the revision of our statutes in 1891, the chapter on service of writs contained an express provision that service upon counties, cities, towns, school and village districts, and other corporations, except manufacturing corporations, should be made by giving an attested copy to the officer, agent, or person designated in the statute, or by leaving it at his place of abode. It read as follows: "Such service shall be made, in the cases mentioned in the four preceding sections, by an attested copy of the writ or other process given to or left at the abode of each of said officers, members, inhabitants, or persons, in the respective cases aforesaid; but service may be made upon a manufacturing corporation by leaving such copy at the office or counting-room of such corporation." G. L., c. 223, s. 14; G. S., c. 204, s. 14; C. S., c. 194, s. 11; R. S., c. 183, s. 9; Laws, ed. 1830, p. 87, s. 1. But in the revision of 1891, the retention of this provision was regarded as unnecessary, as section 2, chapter 223, General Laws, was amended in section 2, chapter 219, Public Statutes, so that "all writs and other processes" could be served "by giving to the defendant or leaving at his abode an attested copy thereof." P. S., c. 219, s. 2; Laws 1893, c. 67, s. 6.

*Motion denied.*

All concurred.